UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| VINCENT CLARK, et al., | ) |
| Plaintiffs, | ) Case No. 1:07-cv-252 |
| v. | ) Honorable Janet T. Neff |
| HAMILTON MORTGAGE COMPANY, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This is a civil action brought against mortgage companies and others under the RICO Act and under federal and state laws governing real estate transactions. Plaintiffs' complaint originally named Town Mortgage, LLC as a party defendant, on the theory that Town Mortgage had succeeded to the liabilities of Hamilton Mortgage Company. After the original complaint was served, counsel for defendant Town Mortgage persuaded plaintiffs' counsel that Town Mortgage had only purchased certain assets of Hamilton Mortgage and had not succeeded to its liabilities. On the strength of that conversation, plaintiffs dismissed the claims against Town Mortgage without prejudice. Subsequent events have led plaintiffs to doubt the wisdom of this action. Plaintiffs now move for leave to file a second amended complaint again naming Town Mortgage as a party defendant. A brief in opposition to the motion has been submitted by Town Mortgage, which is not even a party to the case, Atlantic Title Agency and Jeff Merritt. The brief opposes the motion on the ground of futility.

"Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading after its initial amendment only by leave of the court, and 'leave shall be freely given when justice so requires.'" *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(quoting FED. R. CIV. P. 15(a)). The decision whether to permit amendment is entrusted to the court's discretion. *See Zenith Radio v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971). The court's discretion is not unfettered, however, but is limited by Rule 15(a)'s "liberal policy of permitting amendments to ensure determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

The Supreme Court has stated that leave to amend should be granted in the absence of a good reason to deny it. *Foman v. Davis*, 371 U.S. 178, 182 (1960). "Futility is a proper ground for denying leave to amend . . . ." *Baker v. City of Detroit*, 217 F. App'x 491, 497 (6th Cir. 2007). "A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff*, 409 F.3d at 767 (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986)); *see Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005); *see also Heard v. SBC Ameritech Corp.*, 205 F. App'x 355, 357 (6th Cir. 2006). In adjudicating a claim of futility, the court should use the standard applicable to motions to dismiss, accepting well-pleaded allegations as true. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).

The opposition to plaintiffs' motion is purportedly brought on behalf of Town Mortgage, LLC, who is not even a party to the case any longer, Atlantic Title Agency, and Jeff Merritt. The brief in opposition is an exercise in aggressive lawyering. These defendants ignore the

numerous Sixth Circuit cases establishing the test for futility: "A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff*, 409 F.3d at 767 (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)). Rather, defendants manufacture their own test, under which a motion to amend should be denied if the amended pleading cannot withstand a *motion for summary judgment*. (Brief, docket # 61, at 3, citing *Jet, Inc. v. Sewer Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999)). The *Jet* case does not support defendants' argument and does not represent a departure from longstanding Sixth Circuit law. In *Jet*, the trial court granted a summary judgment for defendant and then denied a motion to amend to add counts that were essentially similar to those already dismissed. 165 F.3d at 425. In these circumstances, the Sixth Circuit determined that denial of leave to amend was not an abuse of discretion. No such circumstance obtains in the present case. Defendants have not been successful in receiving a summary judgment, nor does the proposed amended complaint against Town Mortgage so resemble claims already found meritless by the court that amendment would be an exercise in futility.

Defendants' opposition to the motion to amend does not comport with standards applicable to a motion to dismiss. Rather, it is a motion for summary judgment, supported by affidavits and other matters outside the four corners of the proposed amended complaint. The opposition does not accept all well-pleaded allegations as true, but attempts to controvert them by premature summary judgment practice. Defendants' opposition is therefore procedurally flawed, as it controverts settled Sixth Circuit authority. Furthermore, the objecting defendants have not cited any authority that would allow a nonparty to object to amendment of a complaint or authorize

present parties who are unaffected by the proposed amendment to assert claims of futility on behalf of the proposed new defendant.

The federal courts favor disposition of claims on their merits, not on the basis of procedural sparring. When faced with plaintiffs' motion for leave to amend, the present defendants should not have objected, as they are unaffected by the proposed amendment. Town Mortgage, who is not a party to the case, has nothing to say about the proposed amendment at this point. After the second amended complaint is filed, Town Mortgage is free to raise any and all defenses by proper motion, in an orderly fashion. The Court of Appeals would never abide a trial court order adjudicating claims on their merits against an entity that is not even a party to the case, nor should any such disorderly practice be countenanced.

Plaintiffs merely seek an opportunity to reassert claims against one of the original defendants in this case, which plaintiffs voluntarily dismissed from the action without prejudice. No present defendant has raised any claim of prejudice, and leave to amend will not affect the substantial rights of the added defendant. Plaintiffs' motion will therefore be granted.


Dated:  April 2, 2008                         /s/  Joseph G. Scoville
                                              United States Magistrate Judge