UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VINCENT CLARK, et al.,

      Plaintiffs,                          Case No. 1:07-cv-252

v                                     HON. JANET T. NEFF

HAMILTON MORTGAGE
COMPANY, et al.,

      Defendants.

_____/


## OPINION

      Plaintiffs Vincent Clark and Michelle Clark refinanced their home through Hamilton

Mortgage Company ("Hamilton Mortgage").  Plaintiffs allege that they did not receive the terms

upon which they had agreed, and in March 2007, Plaintiffs filed suit against Hamilton Mortgage and

Town Mortgage, LLC ("Town Mortgage").  In November 2007, Plaintiffs amended their complaint,

adding Defendants Atlantic Title Agency, Inc. ("Atlantic Title"), First American Title ("First

American"), Jeff Merritt ("Merritt"), and Pam Waite ("Waite").  Town Mortgage, Atlantic Title and

Jeff Merritt have subsequently been dismissed from the lawsuit.

      Pending before the Court is a motion to dismiss the case by Defendants, First American and

Waite, pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that Plaintiffs failed to state a claim (Dkt

57[1]).  Plaintiffs filed a response to the motion, and Defendants filed a reply.  Further, the parties filed

---

[1]  This matter was originally assigned to the Honorable Gordon J. Quist but was subsequently
transferred to the undersigned pursuant to Administrative Order No. 07-091, filed August 10, 2007.

supplemental briefing in August 2008.  Pursuant to W.D. Mich. LCivR 7.2(d), the motion to dismiss is decided without hearing argument.  For the reasons that follow, the motion is granted.

## Background

Plaintiffs' lawsuit against all Defendants was ambiguously pled and the counts as to each Defendant were subsequently determined at the Pre-Motion Conference (Dkt 84, Or. regarding PMC).  The claims against First American and Waite include a federal claim – violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 *et seq*., and two state claims – fraud and negligent misrepresentation and breach of third party beneficiary contract (Dkt 44).

Plaintiffs allege that Defendants violated RESPA primarily because Waite did not provide them with a uniform settlement statement prior to closing.  Plaintiffs also allege that Waite fraudulently signed the closing documents even though she did not attend the closing.  Plaintiffs further allege that they are the third-party beneficiaries of a contract between Hamilton Mortgage and Atlantic Title that was breached when First American did not provide the services it agreed to provide to Plaintiffs on Atlantic Title's behalf (Dkt 44).

## Motion Standard

In *Bell Atl. Corp. v. Twombly,* ___ U.S. ___; 127 S.Ct. 1955 (2007), the Supreme Court clarified the pleading standard necessary to survive a Rule 12(b)(6) motion.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Factual allegations contained in a complaint must "raise a right to relief above the speculative level."  *Twombly*, 127 S.Ct. at 1965.  The standard under *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.  In reviewing a motion to dismiss, this Court must "'construe the complaint in the light most favorable to the

plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'"

*Bassett*, *supra* (quoting *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007)).

## Discussion

Though it is not clear from Plaintiffs' arguments, there appears to be no specific RESPA violation alleged other than a violation of 12 U.S.C. § 2603(b).[2]  Plaintiffs allege that Defendants violated RESPA because the uniform settlement statement was not provided to Plaintiffs before closing.  (Pls. Second Am. Compl. pp. 4, 6-7, 9; Pls. Br. in Opp'n pp. 4-6.)

Defendants argue that the plain language of the statute does not require Defendants to provide the uniform settlement statement unless the borrower requests the statement.  (Defs. Supp. Br. 5-7).  In the alternative, Defendants argue that Plaintiffs cannot bring a private cause of action under this statute (*Id.*).

### A. Plain Language of the Statute

The plain language of the statute expressly states, "*[u]pon the request of the borrower* to inspect the form prescribed under this section during the business day immediately preceding the day of settlement, the person who will conduct the settlement shall permit the borrower to inspect those items which are known to such person during such preceding day."  12 U.S.C. § 2603(b) (emphasis added).  The settlement agent has a duty to allow the borrower to inspect the statement; however, the duty arises when the borrower requests to inspect the statement.  1 PAUL BARRON & MICHAEL A. BERENSON, FEDERAL REGULATION OF REAL ESTATE AND MORTGAGE LENDING (4th ed. 2007), Ch. 2, *Real Estate Settlement Procedures Act*, § 2.32.  The settlement agent seemingly has no obligation to even inform the borrower of the right to inspect.  *Id.*

---

[2] Section 4 of the RESPA.

3

Plaintiffs concede that they did not request the uniform settlement statement (Pls. Br. 5). They argue that they did not know who the settlement agent would be and therefore, did not know from whom to request the statement (*Id*.).

The Court is not persuaded by Plaintiffs' argument.  Plaintiffs do not allege in their complaint that they made a request for the uniform settlement statement to **any** party.  Accordingly, Plaintiffs' claim fails under the plain language of the statute.

### B.  Private Cause of Action

Regarding Defendants' alternative argument, many district courts have refused to recognize that Section 4 of RESPA provides for a private cause of action.  However, when considering Section 10 of RESPA, the Sixth Circuit stated in a footnote to its opinion that "[w]hile the Act does not expressly provide for such a cause of action, we believe, based on the legislative history, that Congress intended to create a private remedy for violations of the Act."  *Vega v. First Fed. Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 925 n.8 (6th Cir. 1980).

The Seventh Circuit rejected the Sixth Circuit's conclusion in *Vega* and held that there was no implied private cause of action in Section 10 of RESPA.  *Allison v. Liberty Sav.*, 695 F.2d 1086 (7th Cir. 1982).  The court reasoned that because Congress precisely provided private remedies in three of the four sections immediately preceding Section 10, its silence in Section 10 indicated that Congress did not intend to allow a private cause of action in Section 10.  *Id*. at 1088-89.

Numerous district court decisions have rejected the Sixth Circuit's decision in *Vega* as applied to Section 4.[3]  It is difficult to discern whether the Sixth Circuit's decision in *Vega* would

---

[3]*E.g., Bloom v. Martin,* 865 F. Supp. 1377, 1383-85 (N.D. Cal. 1994)*; Morrison v. Brookstone Mortgage Co., Inc*., 2006 WL 2850522, at *1 (S.D. Ohio Sept. 29, 2006); *Mercado v. Playa Realty Corp*., 2005 WL 1594306, at *9 (E.D.N.Y. July 7, 2005); *Reese v. 1st Metro. Mortgage Co.*, 2003

apply to Section 4 because the Sixth Circuit provided little to no explanation regarding its decision that a private cause of action was available for Section 10.  Because Defendants' argument regarding the plain language of the statue is dispositive, it is unnecessary for this Court to determine whether Plaintiffs have a private cause of action.

C. Conclusion

The Court has closely considered Plaintiffs' claim under RESPA and concludes Defendants proffered a meritorious basis for dismissal of Plaintiffs' RESPA claim.  Accordingly, Defendants' motion to dismiss Plaintiffs' RESPA claim is granted.

**Supplemental Jurisdiction**

The Court may decline to exercise supplemental jurisdiction over a pendent claim if the claim over which the Court had original jurisdiction is dismissed.  28 U.S.C. § 1367(c)(3).  The Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims; therefore, it is not necessary for the Court to reach the merits of the state claims.  Plaintiffs' state claims are dismissed without prejudice.  A Partial Judgment will be entered consistent with this Opinion.

Date:  November  12, 2008                              /s/ Janet T. Neff                              
                                                        JANET T. NEFF
                                                        United States District Judge

---

WL 22454658, at *4 (D. Kan. Oct. 28, 2003).

5